## Munson v. White et al.

February 4, 1949

Elwood Rosenbaum for appellant.

Neil G. Sullivan for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

Appellant purchased from appellees, White Brothers, a used Studebaker automobile on March 2, 1946.

This suit is brought to recover an alleged charge above the OPA ceiling price with damages, and alleged usurious interest charges. The trial Court sitting as a jury found for appellees.

Revised maximum price regulation No. 540 fixed the price of this type of automobile on the date of its sale at $1,399.83, without taxes. The actual sales price shown on a memorandum made by the seller was $1,440.-60. This latter amount included charges for: state usage tax, license tags, transfer certificate and clerk's affidavit. Assuming these items could be added to the purchase price under the OPA regulation, appellant insists there was an overcharge of $2.38. Appellee admits an overcharge of 26c. Either of these overcharges fall within the principle de minimis non curat lex and will·be ignored.

The record discloses appellees had purchased this automobile as a used automobile outside of the State of Kentucky and it had been brought to their garage in Lawrenceburg. Immediately before giving plaintiff a bill of sale for said automobile, defendants paid the usage tax of $33.33 required by KRS 138.460, and the fees for licensing the automobile in the name of White Bros.; transferring the license to appellant; and an affidavit showing when the automobile came into Kentucky; the sum total of these items being $40.33.

Objection is made to the addition of these items to the maximum price. By regulation of the OPA (art. 3, sec. 18452), sellers are authorized to add to the maximum price of used cars "the amount of any Federal, State, County or Municipial tax upon, or incident to, the particular sale, or delivery or processing in connection with such sale." The apparent objective of this provision was to permit the dealer to shift direct taxes and necessary fees incident thereto which are required by law to be paid by him in effecting a sale. In our opinion the charges listed in the preceding paragraph are all taxes within the meaning of this regulation.

Our next question is whether or not there was any usury involved in the transaction. This automobile was sold under a conditional sales contract, and part of the purchase price was to be paid over a period

of time in installments. By virtue of this transaction, appellant paid as finance, or service charges, an additional sum of $150. If this sum constituted interest, the transaction was usurious. It has been held by this Court, however, that charges of this nature constitute part of the consideration for the sale, and the usury statue, KRS 360.020, is not applicable. Cartwright v. C. I. T. Corporation, 253 Ky. 690, 696, 70 S. W. 2d 388. See also Nantz v. Hurst, 166 Ky. 396, 179, S. W. 400, and McAllister v. Gingles, 244 Ky. 254, 50 S. W. 2d 551.

Appellant argues that if these charges did not constitute usury, then they must be considered a part of the purchase price, and when added to the purchase price, the sale was made in excess of the OPA ceiling. Appellant confuses the application of a federal regulation and a principle of state law.

The OPA regulation fixed a maximum cash ceiling price. This regulation did not undertake to deal with credit terms. This Court has recognized that finance charges are not usurious when considered as a part of the purchase price of an article. This concept, however, does not make such charges a part of the "price" for the purpose of fixing the maximum ceiling. The ultimate cost of this vehicle to appellant did not violate the OPA regulation, nor did it include an item of usurious interest.

For the reasons stated, the judgment is affirmed.